UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 15-149 DSF (ARGx) | Date | 2/13/15 |
| Title | Ronnie Garcia v. LA County Metropolitan Transportation Authority, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order GRANTING Defendants' Motions to Dismiss (Docket Nos. 17, 18)

  Defendant Arthur Leahy seeks dismissal of all claims against him.  Defendant Los Angeles County Metropolitan Transportation Authority (MTA) seeks dismissal of Plaintiff Ronnie Garcia's sixth cause of action for intentional infliction of emotional distress.  The Court deems this matter appropriate for decision without oral argument.[1]  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for February 23, 2015 is removed from the Court's calendar.

Defendant Leahy

  Ronnie Garcia sues Leahy, the MTA's CEO, in his "official and individual capacities."  (Compl. ¶¶ 6, 68.)  "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."  Ctr. for Bio-Ethical Reform, Inc. v. Los

---

[1] Garcia argues that Defendants' motions to dismiss are untimely under Federal Rule of Civil Procedure 12(a)(1)(A)(I), which mandates that "the time for serving a responsive pleading is . . . within 21 days after being served with the summons or complaint."  Garcia's reliance on Rule 12(a)(1)(A)(I) is misplaced.  The Rule applies to "responsive pleadings," a category that does not include Defendants' motions to dismiss.  See Fed. R. Civ. P. 7(a), (b).  Defendants timely filed their motions to dismiss.  See Fed. R. Civ. P. 81(c) (governing the time to file responsive pleadings or motions following removal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Angeles Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008).[2]  Garcia has offered no material distinction between his claims against the MTA and those against Leahy in his official capacity.  Moreover, the "Corporate Responsibility Doctrine" and the related opinions offered by Garcia have no relevance to this case.  See, e.g., United States v. Park, 421 U.S. 658, 667 (1975) ("The question presented . . . [is] whether the manager of a corporation, as well as the corporation itself, may be prosecuted under the Federal Food, Drug, and Cosmetic Act of 1938 for the introduction of misbranded and adulterated articles into interstate commerce.").  The official capacity claims are dismissed with prejudice.

Causes of Action 1 and 2

Garcia alleges that Leahy violated Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794.  Neither claim lies against an individual.  The ADA regulates the conduct of "public entit[ies]," 42 U.S.C. § 12132, and the Rehabilitation Act applies to "program[s] or activit[ies]," 29 U.S.C. § 794(a).  An individual does not fall within either of these categories.  See 42 U.S.C. § 12131; 29 U.S.C. § 794(b).  Case law, although not directly on point, is in accord.  See, e.g., Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act.").  Garcia's Title II and Rehabilitation Act claims against Leahy are dismissed with prejudice.

Causes of Action 3 through 8

Garcia brings six state law claims against Leahy.  Liability appears premised only on the fact that Leahy is the MTA's CEO.  In fact, the Complaint acknowledges that Leahy "may not have had any personal connection with herein complained of action and may simply be in general charge of the corporation's business and had given general instructions to its employees to provide transportation services to the disabled."  (Compl. ¶ 46.)  Garcia has pointed to no authority that supports the proposition that Leahy's

---

[2] Ctr. for Bio-Ethical Reform, Inc. and the other cases offered by Leahy arise in the context of a 42 U.S.C. § 1983 action.  Even though Garcia's claims do not arise under § 1983, the Court sees no reason why the cited authorities should not apply; similar to the cited cases, Garcia's official capacity claims are redundant of his claims against the MTA.  See, e.g., Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

position as CEO, absent any facts connecting Leahy to the challenged conduct, is sufficient to support any of the state law claims against Leahy in his individual capacity. The state law causes of action against Leahy are dismissed.

### The MTA

The MTA moves to dismiss Garcia's intentional infliction of emotion distress (IIED) claim. "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Bock v. Hansen, 225 Cal. App. 4th 215, 232-33 (2014) (internal quotation marks omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. (internal quotation marks omitted).

Garcia's allegations do not reach this standard. According to the Complaint, on four separate occasions, MTA bus drivers engaged in conduct that arguably denied Garcia full and equal enjoyment of a public bus. (Compl. ¶¶ 13, 15, 17, 19.)[3] Even assuming that the challenged conduct violated certain rights or exposed the MTA or its employees to liability, the conduct did not rise to a level necessary to support an IIED claim. Garcia's IIED claim against the MTA is dismissed.

### Conclusion

Defendants' motions to dismiss are GRANTED. The official capacity claims are DISMISSED WITH PREJUDICE. The ADA and Rehabilitation Act claims against Leahy are DISMISSED WITH PREJUDICE. The state law claims against Leahy and the IIED claim against the MTA are DISMISSED.

If Garcia elects to amend and can do so in compliance with Rule 11, he must file and serve his amended complaint no later than March 3, 2015. Failure to file and serve by that date will waive the right to do so. The Court does not grant leave to add new

---

[3] For instance, on July 3, 2014, "[u]pon boarding the bus, Plaintiff requested that Defendant [MTA's] bus driver secure his wheelchair, because the bus driver did not ask if Plaintiff wanted to be secured. Even after Plaintiff asked the driver to secure the wheelchair, the bus driver would only secure two of the four restraints." (Compl. ¶ 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

defendants or new claims.  Leave to add defendants or new claims must be sought by a separate, properly noticed motion.  Defendants' responses will be due March 24, 2015.

   IT IS SO ORDERED.